**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Taraska,<br><br>               Plaintiff,<br><br>v.<br><br>Meigan Everett, et al.,<br><br>               Defendants. | No. CV16-0458 PHX DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss this matter for lack of personal jurisdiction. Doc. 3. The motion has been fully briefed (Docs. 11, 15), and the Court concludes that oral argument will not aid in its decision.[1] For the reasons set forth below, the Court will grant the motion.

**I.   Background.**

Plaintiff currently resides in Arizona. Doc. 1, ¶ 1. For the past 26 years, Plaintiff has owned a condominium at 1 Jib Street in Marina Del Rey, California, where he has sometimes lived. *Id.*, ¶ 7. Defendant Meigan Everett is a natural person who resides in California. *Id.*, ¶ 2. Defendant Gold Coast Property Pros is a corporate entity based in California. *Id.*, ¶ 3.

Plaintiff has sued Defendants for defamation. Doc. 1. He alleges that Defendants sent an email to him and at least eight other individuals who own homes at 1 Jib Street

---

[1] The parties' requests for oral argument are therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

which falsely implied that Plaintiff had made death threats and anti-Semitic remarks towards other homeowners. *Id.*, ¶¶ 9-12. Plaintiff seeks damages. *Id.*, ¶ 14.

## II. Analysis.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation omitted). Arizona has authorized its courts to exercise jurisdiction to the maximum extent permitted by the Due Process Clause of the U.S. Constitution. *See* Ariz. R. Civ. P. 4.2(a). Thus, courts in the District of Arizona may exercise jurisdiction over a defendant who is not physically present in Arizona if the defendant has minimum contacts with the State, such that the suit can be maintained without offending traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff agrees that Defendants are not subject to general personal jurisdiction. Doc. 11 at 2. The Court must therefore determine whether Defendants are properly subject to specific personal jurisdiction. Specific jurisdiction can be established when the defendant purposely directed conduct at the forum, the claim arises out of the defendant's forum-related activities, and the exercise of jurisdiction comports with fair play and substantial justice. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011). The first requirement – purposeful direction – can be satisfied when a defendant (1) commits an intentional act, (2) expressly aimed at the forum, (3) which causes foreseeable harm in the forum. *Id.* This test is sometimes referred to as the "effects test." *Id.*

As this Court has explained in a previous decision:

> The effects test does not "'stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction.'" *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). Nor does the effects test mean that specific jurisdiction may be based solely on a defendant's knowledge that the subject of his tortious activity resides in a particular state. *See Walden*, 134 S.Ct. at 1125. The Court must always focus on the

"'relationship among the defendant, the forum, and the litigation' [which] is the essential foundation of in personam jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 134 S.Ct. at 1125.

*Wake Up & Ball LLC v. Sony Music Entm't Inc.*, 119 F. Supp. 3d 944, 948 (D. Ariz. 2015).

Plaintiff argues that specific jurisdiction exists because Defendants knew he was a resident of Arizona when they defamed him in an email. Indeed, Plaintiff provides an affidavit that explains in some detail how Defendants knew he resided here. Doc. 11 at 13-15. But Plaintiff does not allege that Defendants had any other relevant contacts with Arizona. The only other contact identified by Plaintiff is that Defendants sent monthly bills to his Arizona address (Doc. 11 at 14), but the claims in this case do not arise out of that contact. Plaintiff does not allege that the bills were somehow related to the allegedly defamatory email.

The complaint, Plaintiff's affidavit, and Plaintiff's response to Defendants' motion all make clear that the only relevant link between Defendants and the State of Arizona is Defendants' knowledge that Plaintiff resided here. That is not enough. As noted above, specific jurisdiction cannot be based "solely on a defendant's knowledge that the subject of his tortious activity resides in a particular state." *Wake Up and Ball*, 119 F.Supp.3d at 948. The connection to Arizona "must arise out of contacts that the 'defendant *himself*' creates with the forum State. . . . We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 134 S. Ct. at 1122 (citations omitted; emphasis in original).

What is more, Plaintiff alleges that the email was sent to several individuals who own homes at the 1 Jib Street condominium complex in California, and that the email concerned Plaintiff's conduct at the same complex. Doc. 1, ¶ 9. Thus, to the extent

- 3 -

defamation occurred, it occurred in California, where the third-party recipients of the email were located, not in Arizona, where Plaintiff opened the email or where he now resides. *Walden*, 134 S. Ct. at 1124 ("because publication to third persons is a necessary element of libel, the defendants' intentional tort actually occurred" where the article was published) (internal citations omitted).

The Court concludes that Defendants' contacts with Arizona are not sufficient for personal jurisdiction. The Court will dismiss this action without leave to amend because it is plain that Plaintiff is the only relevant link between Defendants and Arizona.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 3) is **granted**. The Clerk of the Court shall enter judgment accordingly and **terminate** this case.

Dated this 20th day of May, 2016.

David G. Campbell
United States District Judge